# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**K.M. and J.M., individually, and on behalf of M.M., a minor,**

          **Plaintiff,**

-vs-                                           Case No.  2:02-cv-40-FtM-29DNF

**SCHOOL BOARD OF LEE COUNTY, FLORIDA, and STATE OF FLORIDA, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF ADMINISTRATIVE HEARINGS,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On July 7, 2006, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 138) which referred to this Court for a Report and Recommendation the opposition to Defendant's Bill of Costs (Doc. 135) which Judge Steele construed as a Motion for Reconsideration. In the Bill of Costs, the School Board of Lee County ("School Board") requests that costs in the amount of $133,048.04 be taxed. Plaintiffs, K.M. and J.M. individually, and on behalf of M.M. ("Plaintiffs") argue that attorney's fees[1] should not be awarded as costs, and other costs are not appropriately taxed. In response, the School Board argues that the costs were appropriately taxed.

---

[1] Judge Steele construed the attorney's fees portion of the Bill of Costs as a request for attorney's fees, which this Court will adopt for the purpose of this Report and Recommendation.

-1-

**I. Background**

On January 28, 2002, the Plaintiffs filed their Verified Complaint for Injunctive Relief and Declaratory Judgment. (Doc. 1). The Complaint alleges that M. M., a student at Three Oaks Middle School exhibited adverse behaviors and academic deterioration. An Academic Improvement Plan was implemented, but the parents requested an evaluation. An evaluation was not performed. M. M. was suspended for an inappropriate statement to a teacher. K. M. requested a due process hearing and the production of M. M.'s education records. The School Board denied the due process request. In Count I, the Plaintiffs were seeking injunctive relief for the School Board's failure to schedule a due process hearing for the minor child. In Count II, the Plaintiffs requested that the Court enter a declaratory judgment stating that the Board must make the necessary arrangements for a due process hearing. In Count III, the Plaintiffs alleged a civil rights violation under 42 U.S.C. §1983. A non-jury trial was held on Counts I and II, and a jury trial was held on Count III. Judgment was entered in favor of Plaintiffs and against the School Board on Counts I, II and III. (Doc. 100). On April 23, 2006, the School Board filed a Notice of Appeal (Doc. 112). The Eleventh Circuit Court of Appeals reversed the District Court's March 28, 2003, Order (Doc. 110) denying the Motion for Judgment as a Matter of Law, denying the Motion for New Trial, and denying the Motion to Amend Findings and Judgment, and remanded the case for further proceedings. (See, Doc. 131). Based upon the Eleventh Circuit's ruling, the District Court vacated its Orders (Docs. 99, 100, and 110), and granted the School Board's Renewed Motion for Judgment as a Matter of Law and/or Motion for New Trial and/or Motion to Amend Findings and Judgment (Doc. 101). A new Judgment (Doc. 132) was entered in favor of the

School Board and against the Plaintiffs. The School Board filed its Bill of Costs (Doc. 133) in the amount of $133,048.04.

**II. Attorney's Fees**

In the Bill of Costs, the School Board is requesting $125,954.00 in attorney's fees pursuant to 42 U.S.C. §1988(b). Section 1988(b) provides in part that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). Even though the statute does not distinguish between prevailing plaintiffs and prevailing defendants, the Supreme Court determined that two separate standards apply depending upon whether the plaintiffs or the defendants prevail. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-417 (1978). Ordinarily, a plaintiff who prevails is to be awarded attorney's fees in all but special circumstances. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). Under Supreme Court precedent, a prevailing defendant may be awarded attorney's fees, at the discretion of the court, if the court finds that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation. *Hughes v. Rowe,* 449 U.S. 5, 14-15 (1980), *Christiansburg Garment* Co. *v. E.E.O.C.*, 434 U.S. at 421, *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985), and *Evans v. Monroe County Sheriff's Dept.*, 148 Fed. Appx. 902, 903 (11th Cir. 2005). The Supreme Court cautioned that a court must not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. E.E.O.C.*, 424 U.S. at 421-422. To determine if a case is frivolous, the court must look to whether the case is so lacking in "'arguable merit as to be

groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. School Board of Pinellas County*, 773 F.3d at 1189, (citing *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). A court must make a case-by-case determination and look to whether a motion for summary judgment or a motion to dismiss had been granted, whether the plaintiffs introduced any evidence in support of their claim, and whether a trial on the merits occurred. *Head v. Medford*, 62 F.3d at 355 (11th Cir. 1995), and *Evans v. Monroe County Sheriff's Dept*, 148 Fed. Appx. at 903.

The instant case went to trial and the jury returned a verdict for the Plaintiffs. The Court considered a Motion for Judgment as a Matter of Law, a Motion for New Trial, and a Motion to Amend Findings and Judgment (Doc. 101) and denied all of these Motions by Order. (Doc. 110). This case was reversed by the Eleventh Circuit Court of Appeals. It is clear that if the §1983 claim went to trial, and the trial court did not grant a judgment as a matter of law, that the case had merit and was not frivolous, unreasonable or without foundation. Therefore, the Court recommends that the Defendant's request for attorney's fees be denied.

### III. Costs Other Than Attorney's Fees

Pursuant to Fed.R.Civ.P. 54(d)(1), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." The Court does retain discretion to award costs, however, the presumption is in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). To award costs to the prevailing party under Fed.R.Civ.P. 54(d), a three step process is involved. *Drury v. Pena*, 1997 WL 718831, *11

(M.D. Fla. 1997).[2]  First, the Court determines what items may be taxed as costs in favor of the prevailing party; second the Court determines the amount of taxable costs; and third the Court decides which costs should be taxed in the given case. *Id*. In the instant case, the Court finds the Defendants to be the prevailing party and finds that costs should be taxed.

To determine the costs which are taxable, the Court looks to 28 U.S.C. §1920. Under 28 U.S.C. §1920, the following is the list of the taxable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

The Plaintiffs argue that the following costs should not be taxed[3]: legal research fees, certain court reporter fees; and photocopy charges. The School Board requested $1051.00 in Lexis legal research fees. Legal research fees are part of the cost of overhead for a law firm and the Court determines that these fees are not to be taxed.

---

[2] In the *Drury* case, the Honorable John E. Steele, United States Magistrate Judge entered a Report and Recommendation. The case settled prior to the District Court ruling on the Report and Recommendation.

[3] The Plaintiff also argue that the following costs should not be taxed: Photocopies $2669.53; Travel $16,098.83; Postage $49.50; Courier 260.46; Fax $317.42; Telephone $80.49; and, Autotrack $18.90. These costs were not a part of the Bill of Costs, and the School Board did not asked that they be included in the costs.

The Court reviewed the depositions and transcript costs. The Plaintiffs do not dispute that the cost of the transcript of the case for appellate purposes is taxable. Rather, the Plaintiffs argue that all fees to expedite transcripts, and convert transcripts to ASCII, are not taxable costs. The School Board took the depositions of the Plaintiffs, a witness at trial, and a trial expert. All of the transcripts of the depositions were necessary for the defense in this case. The Court agrees, however, that the fee of $30.00 for "Less than one hour notice" for K. M.'s deposition, and $60.00 for conversion to ASCII for Eleanor Guetzloe, Ed.D., Nancy Ross, J.M. and M.M. depositions should be deducted.

The Plaintiffs contend that the Board failed to show that the photocopy charges were a necessity. Photocopy charges of $99.64 were included in the Bill of Costs, and an invoice from Culler's Copy Corner, Inc. was included in this amount in the exhibits to the Bill of Costs. The School Board indicates that these photocopies were of discovery materials. The Court determines that these costs should be taxed as fees for "copies of papers necessarily obtained for use in the case." *See*, 28 U.S.C. §1920(4).

## IV. Conclusion

It is respectfully recommended that the District Court deny the request for attorney's fees by the Defendants and deduct the requested amount of fees of $125,954.00 from the Bill of Costs; deduct Lexis legal research fees in the amount of $1051.00 from the Bill of Costs; and deduct certain court reporter costs in the amount of $90.00 from the Bill of Costs, for a total cost award of $5,953.04.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __9th__ day of __August__, 2006.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record